# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Joel Hudzinski, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff,* § § | Civil Action No. __22-cv-01498_____ |
| v. § § | JURY TRIAL DEMANDED |
| Fletcher Group Automation, Inc., § § | COLLECTIVE ACTION |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Joel Hudzinski ("Hudzinski" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Fletcher Group Automation, Inc. ("Fletcher" or "Defendant"), respectfully showing as follows:

### I. SUMMARY

1. Plaintiff worked for Fletcher from approximately February 14, 2014, to October 24, 2021 as a robot programmer performing job duties including adjusting move points in a robot program, testing the tooling by building parts, and conducting preventative measures.

2. Plaintiff was misclassified as an independent contractor by Defendant. Plaintiff was paid an hourly rate. Plaintiff regularly worked in excess of 40 hours per workweek while performing his job duties for Fletcher. However, Plaintiff was never paid time and one-half his hourly rate of pay for any hours worked over 40 hours in a workweek while he worked for Fletcher.

### II. NATURE OF ACTION

3. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all

hours worked over 40 during each seven-day workweek while working for Defendant paid on an hourly basis.

4. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who were misclassified as independent contractors and were paid on an hourly basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

5. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

### III. THE PARTIES

**A.  Plaintiff Joel Hudzinski**

6. Plaintiff is an individual residing in Newaygo County, Michigan. Plaintiff has standing to file this lawsuit.

7. Although Plaintiff was labeled as a so-called independent contractor by Fletcher, the economic reality is that, at all times relevant, he was an "employee" of Fletcher as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(1). *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).

8. Plaintiff began working for Defendant on or about February 14, 2014. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about October 24, 2021.

9. At all times, Plaintiff earned an hourly rate of approximately $42.24 per hour in connection with work for Defendant.

10. Plaintiff's written consent to participate in this lawsuit is filed along with this

Original Complaint as Exhibit 1.

**B.** **Collective Action Members**

11. The putative Collective Action Members are all current or former employees of Defendant who were misclassified as independent contractors and were paid on an hourly basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Because Defendant did not pay all overtime premium compensation due to its employees paid on an hourly basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

12. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.** **Defendant Fletcher Group Automation, Inc.**

13. Defendant is a corporation organized under the laws of the State of Florida.

14. Defendant's principal place of business, as listed with the Florida Secretary of State is 1990 Main St., Suite 750 Sarasota, FL 34236.

15. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

18. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, communications using phones with other employees and representatives.

19. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, and supplies/materials used in connection with robot programming.

20. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

21. Defendant may be served with a summons through its registered agent David Fletcher at 1990 Main St., Suite 750 Sarasota, FL 34236.

22. Pursuant to FRCP 4 (e)(1) Plaintiff may attempt to substitute service under Illinois law if requirements are met. *See* FRCP 4(e)(1) (an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."); *see also* ILCS § 2-209(d) setting out the requirements for substitute service under Illinois law.

## IV. <u>JURISDICTION AND VENUE</u>

23. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

24. The United States District Court for the Northern District of Illinois has personal jurisdiction over Defendant because Defendant does business in Illinois and in this District, and

because many of the acts complained of and giving rise to the claims alleged occurred in Illinois and in this District.

25. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## V. FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Plaintiff was employed by Defendant as a robot programmer in connection with its business involving all aspects of industry manufacturing of automated solutions. Plaintiff's primary job duties included adjusting move points in a robot program, testing the tooling by building parts, conducting preventative maintenance. Plaintiff's work for Defendant was in Illinois and in this District and Division. However, during times relevant, Plaintiff was required to drive his vehicle to several different work sites and provide himself with housing.

28. At all times material to this lawsuit, he was treated as an independent contractor by Defendant. At all material times Plaintiff was paid an hourly rate of approximately $42.24 per hour. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

29. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed 60 hours of work for Defendant. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each and every workweek. Fletcher issued Plaintiff IRS Tax Forms 1099 as if he were an independent contractor.

30. During times relevant, Defendant employs/employed numerous other employees in connection with its business involving all aspects of robot programming who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

31. Plaintiff and the putative Collective Action Members did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be separate economic entities from Fletcher. Plaintiff and other misclassified independent contractors were simply a part of Fletcher's workforce performing job duties that were an integral part of Fletcher's business operations.

## VI. FLSA CLAIMS FOR OVERTIME PAY

32. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

34. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

35. Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

36. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

37. Plaintiff and putative Collective Action Members are/were paid on an hourly rate basis by Defendant.

38. At all times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per a seven-day workweek as employees of Defendant.

39. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over forty in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

40. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

41. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) & 516.5.

42. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

43. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

44. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claims as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

45. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VII. COLLECTIVE ACTION CLAIMS

46. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

47. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

48. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were classified as independent contractors and were paid on an hourly basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward.**

49. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

50. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

51. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

52. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

53. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

54. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII. JURY DEMAND

55. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which Plaintiff has a right to a jury trial.

## IX. DAMAGES AND PRAYER

56. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

   g. All other relief to which Plaintiff and the Collective Action Members may be justly entitled.

Dated: March 22, 2022    Respectfully submitted,

By: */s/ Douglas M. Werman*
Douglas M. Werman
Maureen A. Salas
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
dwerman@flsalaw.com
msalas@flsalaw.com
(312) 419-1008 – Telephone
(312) 419-1025 – Facsimile

Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS